567 So.2d 981 (1990)
AMLEA (FLORIDA), INC., a Florida Corporation As General Partner of Old Hyde Park Village Center, Ltd., a Florida Limited Partnership, and Old Hyde Park Village Center, Ltd., a Florida Partnership, Appellants,
v.
David L. SMITH and Gregory L. Williams, Appellees.
No. 89-03406.
District Court of Appeal of Florida, Second District.
October 3, 1990.
*982 Wofford H. Stidham of Boswell, Stidham, Conner & Wilson, Bartow, for appellants.
Samuel R. Mandelbaum of Smith & Williams, P.A., Tampa, for appellees.
PER CURIAM.
The trial court entered a final summary judgment for the appellees, which granted specific performance of a contract providing for a parking easement to ten parking spaces on property owned and operated by appellant. We affirm the judgment in every respect but write in order to clarify only one point raised in the appeal concerning the length of time a perpetual easement exists in a building.
We hold that an easement in a building coupled with no interest in the land, such as the parking easement at issue in this case, is extinguished by the destruction of the building. 2 G. Thompson, Commentaries on the Modern Law of Real Property § 442 (1980). Once the building is destroyed, the easement expires and is not revived at the time the structure is rebuilt. 3 R. Powell, The Law of Real Property § 422 (1989).
SCHOONOVER, C.J., and PARKER and PATTERSON, JJ., concur.